## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony Weston, <br><br> Plaintiff, <br><br> St. Louis County Jail, et al. <br><br> Defendants. | Case No. 21-cv-2603 (NEB/DTS) <br><br> **REPORT & RECOMMENDATION** |

On December 17, 2021, this Court directed Plaintiff Anthony Weston to submit an amended complaint within 30 days addressing multiple issues identified by the Court in the original pleading[1], failing which his case would be recommended for dismissal for failure to prosecute. (Dkt. No. 3). On January 13, 2022, this Court received a standard civil cover sheet, but the one-page filing did not include any information that is responsive to this Court's December 17th Order. (Dkt. No. 4). The 30-day deadline has now passed without any additional correspondence from Weston. Accordingly, this Court recommends that Weston's complaint be dismissed for failure to state a claim and failure to prosecute.

Under Section 1915A(b), a court must dismiss part or all of a complaint if it fails to state a sufficient claim. To state an actionable claim for relief, a plaintiff must allege a specific set of facts, which, if proven true, would entitle him to some appropriate relief against the named defendants under some cognizable legal theory. In reviewing whether

---

[1] Among other things, this Court noted that Weston's original complaint explicitly requested to be interpreted as an "amendment" to an earlier pleading. (Dkt. No. 1). This Court has no record of any prior case filed by Weston. This Court has interpreted the pleading as a standalone complaint because there is no other information available about an earlier pleading.

a complaint states a claim on which relief may be granted, the Court accepts as true all the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Additionally, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). To state a civil claim under 42 U.S.C. § 1983, a plaintiff must identify a violation of his or her federal rights, and he or she must also describe the individual role defendants played in causing said harm. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017).

Weston's complaint contained allegations about an allegedly unlawful search of his person, as well as allegations about the conditions of his confinement. (Dkt. No. 1). As defendants he named the St. Louis County Jail, which is located in Duluth, Minnesota, and the Douglas County Jail, which is located in Superior, Wisconsin. In the body of the complaint he discussed an additional defendant—"Officer Daly"—but he did not provide identifying information about that party, such as an address or place of employment. It is not clear from the contents of his complaint where the aggrieved search or conditions of confinement occurred. In association with the allegations about the search, Weston cited

provisions of Wisconsin law. To the extent that the search took place in Wisconsin or at the Douglas County Jail, this court is likely not the correct venue for those claims.

Typically, claims about conditions of confinement shall be brought in district court where the alleged conduct occurred. *See e.g.* 28 U.S.C. § 1391(b) (a civil action may be brought in a judicial district where any defendant resides, in a district where the events occurred, or if no other district is proper, in a district where a defendant is subject to the court's jurisdiction); *Dinkins v. Mo*, 2020 WL 5878034 *1, *12 (E.D. Mo. 2020) (dismissing claims concerning conditions of confinement at the United States Penitentiary in Atlanta, Georgia, because proper venue was the Northern District of Georgia, not the Eastern District of Missouri). This Court has authority to either transfer or dismiss claims raised in the incorrect venue. 28 U.S.C. § 1406(a) (if a district court determines that venue is improper it may either dismiss the case or transfer it to the proper district if the interests of justice are best served by a transfer). If Weston had filed an amended complaint clarifying where the search took place, the Court could have either accepted the claim as pled in the correct district, or it could have transferred the case. Because Weston did not follow this Court's December 17th Order to supply information of this nature, the Court is unable to discern the specifics of the claim and it recommends that it be dismissed for failure to prosecute.

As for the claims against the St. Louis County Jail and the Douglas County Jail—this Court previously noted that a plaintiff typically cannot maintain a lawsuit against a county jail itself. County jails are typically not subject to suit for violations of 42 U.S.C. § 1983. *See e.g., De La Garza v. Kandiyohi County Jail, Correctional Inst.*, 18 Fed. App'x 436, 437 (8th Cir. 1996) (per curiam). Therefore, this Court recommends that the claims

against the two jails be dismissed for the additional reason that Weston has failed to state a claim against them.

In summary, this Court recommends that Weston's complaint be dismissed for failure to state a claim and for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). This Court provided Weston an opportunity to present needed details about his claims, and he failed to supply the court with the necessary information to construe his claims.

Based on the foregoing, and on all the files, records, and proceedings herein, this Court **RECOMMENDS THAT**:

1. This action be **DISMISSED** without prejudice for failure to prosecute and failure to state a claim.

2. Weston's pending motion to proceed in forma pauperis [Dkt. No. 2] be **DENIED** as moot.

Dated: January 28, 2022                                  s/David T. Schultz
                                                         DAVID T. SCHULTZ
                                                         U.S. Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local

4

Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

CASE 0:21-cv-02603-NEB-DTS   Doc. 5   Filed 01/28/22   Page 5 of 5

5